UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                 Case No. 04-cr-0287-bhl

JOSHUA LARON BROWN,

        Defendant.

## ORDER

Defendant Joshua Brown, who is currently serving a state revocation sentence at the Wisconsin Department of Corrections (WDOC) Jackson Correctional Institution, asks the Court to remove the federal detainer lodged against him, allow his supervision to discharge or proceed with the revocation in his federal case. (ECF No. 56.) Brown argues that, because of the federal detainer, the WDOC has prevented him from "properly participat[ing]" in his preferred programming and from transferring to a minimum custody work release facility. (*Id.* at 2.) The Court will deny Brown's request.

On August 17, 2005, Brown waived indictment and pleaded guilty to a two-count information charging him with being a felon in possession of a firearm and possession with intent to distribute cocaine base. (ECF No. 25.) On March 23, 2006, Judge Rudolph T. Randa sentenced the defendant to one hundred and eighty months (180) months' imprisonment on both counts to run concurrently and five years' supervised release. (ECF No. 36 at 1–3.) Judge Randa also ordered that Brown's federal sentence "shall run concurrent to the State of Wisconsin, Kenosha County, sentence in Case No. 99CF440." (*Id.* at 2.) On April 17, 2019, Brown was released from imprisonment and began serving the term of supervised release. *See* www.bop.gov/inmateloc/ (last visited 7/31/24).

On or about October 20, 2020, Brown was charged in Racine County Circuit Court Case No. 2020CF1325 with possession of heroin, possession with intent to deliver narcotics–second subsequent offense, maintain drug trafficking place–second subsequent offense, and possession of a firearm by a convicted felon. (ECF No. 50 at 2.) Almost four years later, that case is pending

with a jury trial scheduled to begin on October 1, 2024. *See* https://wcca.wicourts.gov/caseDetail.html?caseNo=2020CF001325&countyNo=51&mode=details (last visited 7/31/24). According to the docket, three defense counsel have been permitted to withdraw from the case and the case has been further delayed while the State Public Defender secured counsel to represent the defendant. *Id.* At the time of the Racine County complaint, the defendant was on state supervision through the WDOC, and the state served the defendant with revocation papers indicating the state's intent to revoke his community supervision. (ECF No. 50 at 3.) According to Brown, he is currently serving a five (5) year, one (1) month, and twenty-two (22) day sentence of imprisonment for state case 1999CF440 for allegations of violating his parole. (ECF No. 56.) A review of Wisconsin Circuit Court Access for Kenosha County Case Number 1999CF000440 indicates that on August 12, 2021, the defendant was revoked and sentenced to prison. *See* https://wcca.wicourts.gov/caseDetail.html?caseNo=1999CF000440&countyNo=30&mode=details (last visited 7/31/24).

On November 13, 2020, this Court issued a warrant to serve as a detainer should the defendant be released from state custody. (ECF No. 50 at 3.) That same day, the United States Marshals Service placed a federal detainer on Brown, who was then held in the Racine County Jail. (ECF No. 53.) On August 31, 2021, the Marshals placed a further federal detainer on Brown when he was transferred to the custody of the WDOC. (ECF No. 54.) A detainer is a request that when the subject is to be released from custody, the Marshals Service is notified so that the defendant can be taken into custody to address pending federal charges. *See United States v. Hager*, No. 08-CR-197, 2009 WL 3188220, at *1 (E.D. Wis. Oct. 5, 2009). The latest detainer here gives notice to the WDOC that the Eastern District of Wisconsin has issued an arrest warrant charging the defendant with violating the conditions of supervised release. (ECF No. 54.) The detainer assures that the United States Marshals Service will assume custody of the defendant once he is released from state custody and transfer his custody to the federal Bureau of Prisons. If the WDOC denies state prisoners who are under a federal detainer from participating in institutional programs, that is a matter between the defendant and the WDOC. The Court has no authority to direct the WDOC to change its policy. *See Hager*, 2009 WL 3188220, at *1.

Brown also asks the Court "to begin any litigation process" as his case in Racine County has been pending for almost four years. (ECF No. 56 at 2.) The Court declines to schedule a

hearing on the defendant's revocation, as the defendant's trial on the Racine state charges that serve as the basis for the alleged violations of supervised release is set to begin in two months.

Accordingly,

**IT IS ORDERED** that Defendant's *pro se* motion to remove the federal detainer, discharge his supervision, or proceed with the revocation hearing, ECF No. 56, is **DENIED**.

Dated at Milwaukee, Wisconsin on July 31, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge